IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02106-WYD-MEH

DANIELLE MARKS,

      Plaintiff,

v.

LORETTA LYNCH, Attorney General, United States Department of Justice,

      Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant's Motion to Stay Discovery [filed December 21, 2017; ECF No. 19].  The motion is fully briefed and the matter has been referred to this Court for disposition. For the reasons that follow, Defendant's motion is denied.

## I.     Background

      Plaintiff initiated this employment discrimination action on August 18, 2016, then filed the operative Amended Complaint as a matter of course on October 17, 2016, alleging generally that Defendant "discriminated against, harassed, and ultimately constructively discharged [her from] employment" and "retaliated against [her] after she made a formal complaint to FBI management and the EEO about the harassing and discriminatory behavior of numerous male FBI special agents and management."  *See* Am. Compl. 1.  On December 19, 2016, Defendant responded to the Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) arguing that Plaintiff did not timely exhaust her hostile work environment claim and she fails to state claims for hostile work environment, constructive discharge, disparate treatment, and retaliation.  Mot., ECF

No. 18.  The motion to dismiss is now ripe and pending before the Honorable Wiley Y. Daniel.

Two days after filing her motion to dismiss, Defendant filed the present Motion to Stay Discovery, alleging "[t]he Court should stay discovery until it has resolved Defendant's pending motion to dismiss for failure to state a claim which, if granted, will dispose of this case." *See* Mot., ECF No. 19 at 1.  Plaintiff opposes Defendant's request.

Before the Court received a response to the present motion, this Court held a Scheduling Conference on January 11, 2017, at which the Court set a schedule for discovery in this case.  ECF No. 18.  Thus, discovery in this case apparently has begun.

## II.    Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

In determining whether to grant a stay, courts in this District have typically balanced the following factors taking into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* No. 85-2216-O,1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

At  the  outset,  the  Court  must  address  Defendant's  contention  that  this  Court  has

"overlooked" the Supreme Court's "holdings" in denying recent motions to stay. Mot. 8. Defendant argues that the Supreme Court's notation in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)—of "the understanding that, before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct"—and its admonition in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) —"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"—*require* that the Court stay discovery until the motion to dismiss is resolved. The Court disagrees.

First, the Defendant cites, and the Court has found, no cases in the Tenth Circuit in which a stay has been imposed pending resolution of a Rule 12(b)(6) motion to dismiss based on the language in *Twombly* and *Iqbal*. This is likely so, because the *Iqbal* statement references and supports the proposition that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See* 556 U.S. at 678–79. Likewise, the *Twombly* statement referenced and supported the Supreme Court's conclusion that a passage in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)—"a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"—and the cases which gave rise to the passage did "not [describe] the minimum standard of adequate pleading to govern a complaint's survival." 550 U.S. at 563. That is, if the allegations in a complaint require discovery to render them "plausible," they are likely mere conclusions that are not entitled to a presumption of truth and are insufficient to survive a motion to dismiss. Thus, the *Twombly/Iqbal* language merely supports the Supreme Court's newly articulated pleading standard. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th

Cir. 2011) (interpreting *Twombly*'s and *Iqbal*'s "new" pleading standard as, "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face'" and citing "two purposes" of this pleading requirement: to ensure a defendant is placed on sufficient notice and to avoid costly discovery for "a largely groundless claim").

In other words, the language cited by Defendant relates solely to the viability of a claim when challenged by Fed. R. Civ. P. 8 or 12(b)(6), not to whether discovery should be stayed pending resolution of a Rule 12(b)(6) motion.  The question this language answers is whether a plaintiff should be permitted discovery to bolster his or her allegations in an effort to survive dismissal:

> Or put another way, the plaintiff [argues his] lack of access to relevant information, when compared to defendant's access, should not result in the dismissal of his claim. The Supreme Court has already considered, and rejected, this very possibility. *Iqbal*, 556 U.S. at 678–79, 129 S. Ct. 1937 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); . . .

*Vega v. Davis*, 572 F. App'x 611, 616 (10th Cir. July 22, 2014); *see also Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 764 (10th Cir. Jun. 9, 2011) ("Though [plaintiffs] insist they could establish their fraud claim with discovery, our pleading standard 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"); *Mecca v. United States*, 389 F. App'x 775, 782 (10th Cir. Jul. 26, 2010) ("Dr. Mecca asserts he could show defendants' culpability with discovery, but '[Fed. R. Civ. P.] 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'").

Accordingly, the Court finds unpersuasive Defendant's contention that a stay of discovery

is automatically "required" under *Twombly* and *Iqbal*,[1] and will proceed with an analysis of the *String Cheese* factors. With respect to the first and second factors, Defendant seeks protection from the burden of discovery at this stage in the case. However, a stay of all discovery is generally disfavored in this District. *Republic of Ecuador v. Bjorkman*, 801 F. Supp. 2d 1121, 1128 (D. Colo. 2011). The Court is not convinced that Plaintiff would suffer no prejudice here. In this District, due to the requirements and demands of an increasing number of criminal matters, the average time period for civil litigation is approximately 30 months from inception to resolution. Accordingly, a stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more. As such, staying the entire case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.

Thus, the party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert–Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.; see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). Defendant asserts that its motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) could dispose of this entire action. However, Defendant's motion to dismiss does not challenge the Court's jurisdiction but, rather, argues that Plaintiff's allegations are insufficient to state plausible claims under Title VII. Notably, the parties in this case

---

[1]Importantly, Plaintiff confirms that she requires no discovery to respond effectively to the motion to dismiss. Resp. 5, 6.

are represented by competent counsel experienced in the area of employment law; accordingly, the Court expects the briefing on the motion to dismiss to be comprehensive and well-argued. As such, it appears possible that the motion could be granted, denied, or granted in part and denied in part; consequently, Defendant's position that the motion could dispose of the entire action is speculative, at best.

Defendant claims that it will be burdened because "discovery has costs, most of which will be borne by Defendants." Mot. 10. However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Here, the Defendant provides no evidence of a special burden and fails to "show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury" to the government. *See Exum*, 209 F.R.D. at 206.

As to the third *String Cheese* factor, the Court maintains an interest in managing its docket by seeing the case proceed expeditiously. Consideration of the remaining factors as argued by the parties—interest of nonparties and the public interest in general—tips in favor of neither position.

On balance, the Court finds the Defendant has failed to demonstrate good cause to justify an indefinite stay of discovery. This is particularly true where, as in this case, the motion to dismiss may just as well be denied as it is granted. Furthermore, based on the significant workload of the Article III judges in this District, it may be several months or more before the pending motion to dismiss is resolved. Consequently, a consideration of the *String Cheese* factors, as well as the general interests of controlling the court's docket and the fair and speedy administration of justice, require that the present motion to stay discovery be denied.

**III.**     **Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that Defendant's Motion to

Stay Discovery [filed December 21, 2017; ECF No. 19] is **denied**.

Dated at Denver, Colorado, this 6th day of February, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge